IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02245-ZLW

KAY SIEVERDING,

    Petitioner,

v.

JUDGE EDWARD W. NOTTINGHAM,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 30 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Petitioner Kay Sieverding has filed *pro se* on November 24, 2006, a motion to reconsider asking the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on November 21, 2006. The Court must construe the motion to reconsider liberally because Ms. Sieverding is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Ms. Sieverding filed the motion to reconsider within ten days after the Order and Judgment of Dismissal. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Ms. Sieverding fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Court dismissed the instant habeas corpus action because Ms. Sieverding failed to demonstrate that she is in custody. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Ms. Sieverding does not allege the existence of any new law or evidence and she fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion to reconsider filed on November 24, 2006, is denied.

DATED at Denver, Colorado, this 29 day of Nov., 2006.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  06-cv-02245-BNB

Kay Sieverding
641 Basswood Ave.
Verona, WI 53593

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  11/30/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk